NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT ADAM NEUMAN,

Petitioner-Appellant,

v.

MARK NOOTH,

Respondent-Appellee.

No. 16-35682

D.C. No. 2:14-cv-00828-SB

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted November 8, 2017**
Portland, Oregon

Before: FERNANDEZ, W. FLETCHER, and MELLOY,*** Circuit Judges.

State prisoner Robert Neuman pleads an ineffective-assistance-of-counsel

claim in his habeas petition. Neuman asserts trial counsel failed to vigorously

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***    The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

investigate and argue against the use of his prior military convictions for criminal-history purposes under Oregon's sentencing guidelines. The state post-conviction-relief ("PCR") court determined as a matter of Oregon law that Neuman's federal offense of conviction, 18 U.S.C. § 2252A(a)(5)(B), was comparable to a qualifying Oregon felony, Or. Rev. Stat. § 163.684(1)(a)(A), and could be counted. As such, the state PCR court concluded that Neuman failed to show prejudice as required under Strickland v. Washington, 466 U.S. 668, 691–92 (1984). This determination, while necessarily considering the elements of the federal offense for comparison purposes, was a state-law determination. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (holding that a state-court determination that a prior federal offense counted for state-sentencing-guidelines purposes comprises an unreviewable state-law determination). "[A] federal court may not overturn a conviction simply because the state court misinterprets state law." Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007) (en banc).

Moreover, even if we could characterize the error Neuman alleges as presenting a question of federal law, we would find relief unavailable. Neuman alleges the state court failed to appreciate that the elements of the identified federal and state offenses differ. Namely, the federal offense criminalizes the possession of child pornography, whereas the state offense includes as an additional element the act of duplication. See State v. Betnar, 166 P.3d 554, 560 (Or. Ct. App. 2007)

2

(addressing the duplication element). Pursuant to Betnar, however, an Oregon jury may infer an act of duplication when the images of child pornography reside on certain forms of electronic media. Id. In the present case, Neuman possessed multiple images on such media. Therefore, contrary to Neuman's arguments, the state PCR court did not necessarily overlook the differences between the state and federal offenses or misconstrue the elements of the federal offense.

Finally, even if Betnar did not conclusively demonstrate the absence of prejudice, it raises a sufficiently debatable question as to the application of Strickland to shield the state PCR court's decision from federal habeas relief. See Harrington v. Richter, 562 U.S. 86, 101 (2011) (federal habeas relief is unavailable where "fairminded jurists could disagree on the correctness of the state court's decision" (internal quotation marks omitted)).

AFFIRMED